IN THE CIRCUIT COURT FOR CAROLINE COUNTY

SUNILKUMAR K. PATEL
105 Whiteleysburg Road
Greensboro, MD 21639

and

SOHINABEN PATEL
105 Whiteleysburg Road
Greensboro, MD 21639

and

THE GREENSBORO DELI, INC.
105 Whiteleysburg Road
Greensboro, MD 21639
    Plaintiffs

                                                  Civ. No. 05-C-14-_____

v.

THE UNITED STATES OF AMERICA
    acting through the
UNITED STATES DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITION SERVICE
Audrey Rowe, Administrator
Food and Nutrition Service
3101 Park Center Drive
Alexandria, VA 22302
    Defendant

also serve on:
Rod J. Rosenstein, Esq.
U. S. Attorney
36 S. Charles St., 4th Floor
Baltimore, MD 21201

## COMPLAINT FOR JUDICIAL REVIEW

Sunilkumar K. Patel and Sohinaben Patel and The Greensboro Deli, Inc., Plaintiffs, by Anne C. Ogletree and Elise Davis, their attorneys, state that:

1. The individual plaintiffs, Sunilkumar K. Patel and Sohinaben Patel are the owners and operators of The Greensboro Deli, Inc., a Maryland Corporation with a principal

place of business on Whiteleysburg Road outside the corporate limits of the Town of Greensboro in Caroline County, Maryland.

2. The Defendant is the United States Department of Agriculture, Food and Nutrition Service with a regional office located in Alexandria, Virginia.

3. This court has subject matter jurisdiction pursuant to 7 CFR 279.7(a) and venue is appropriate under that section as well. (Copy attached)

4. The Defendant has permanently disqualified the individual Plaintiffs from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

5. The Plaintiffs disagreed with the facts alleged upon which the decision was based

6. The Plaintiffs have exhausted the administrative remedies provided under 7 CFR 297.5.

7. The Plaintiffs seek judicial review of the decision received April 2, 2014 by trial *de novo*, as permitted under 7 CFR 279.7( c).

Wherefore, Plaintiffs pray that:

1. This court conduct a *de novo* trial to determine if the disqualification was in accordance with the law;

2. This court grant such other relief as may be required.

Elise Davis
P.O. Box
Easton, MD 21601
410-763-4877

Anne C. Ogletree
P.O. Box 559
Denton, MD 21629
410-479-2573
Attorneys for Plaintiffs

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

§279.5

### §279.5 Determination of the designated reviewer.

(a) *Basis for designated reviewer determination.* The designated reviewer shall make a determination based upon:

(1) The information submitted by the appropriate FNS office;

(2) Information submitted by the firm in support of its position; and

(3) Any additional information, in writing, obtained by the designated reviewer from any other person having relevant information.

(b) *Review of denial or withdrawal of authorization.* When the action under review is the denial of an application for authorization or the withdrawal of an existing authorization, the designated reviewer shall sustain the action under review; sustain the action under review, but specify a shorter period of time the action will remain in effect; or direct that the action under review be reversed.

(c) *Review of disqualification or civil money penalty or fine.* When the action under review is disqualifying a firm from program participation or assessing a civil money penalty or fine against a firm, the designated reviewer shall: Sustain the action under review; specify a shorter period of disqualification; specify a reduced money penalty or fine; direct that an official warning letter be issued to the firm in lieu of a disqualification, civil money penalty or fine; or, direct that the action under review be reversed. The designated reviewer may change a disqualification of a firm to a civil money penalty if the disqualification would cause a hardship to participating households (except in the case of a permanent disqualification). The designated reviewer, working with the appropriate FNS office, shall determine if circumstances warrant a civil money penalty in accordance with §278.6 of this chapter.

(d) *Review of denial of claim.* In the case of a request for review of a denial of all or part of a claim of a firm, the determination of the designated reviewer shall sustain the action under review or shall specify the amount of the claim to be paid by FNS.

(e) *Determination notifications.* FNS shall notify the firm of the determination. Such notification will be sent to the representative of the firm who filed the request for review.

(f) *Effective date.* The determination of the designated reviewer shall take effect 30 days after the date of delivery of the determination to the firm.

[Amdt. 136, 43 FR 43279, Sept. 22, 1978, as amended by Amdt. 334, 57 FR 3913, Feb. 3, 1992; Amdt. 356, 59 FR 29714, June 9, 1994. Redesignated and amended at 68 FR 41053, July 10, 2003]

### §279.6 Legal advice and extensions of time.

(a) *Advice from Office of the General Counsel.* If any request for review involves any doubtful questions of law, the Benefit Redemption Division shall obtain the advice of the Department's Office of the General Counsel.

(b) *Extensions of time.* Upon timely written request to the designated reviewer by the firm requesting the review, the designated reviewer may grant extensions of time if, in the designated reviewer's discretion, additional time is required for the firm to fully present information in support of its position. However, no extensions may be made in the time allowed for the filing of a request for review.

[Amdt. 136, 43 FR 43279, Sept. 22, 1978, as amended by Amdt. 356, 59 FR 29714, June 9, 1994. Redesignated and amended at 68 FR 41053, July 10, 2003]

## Subpart B—Judicial Review

### §279.7 Judicial review.

(a) *Filing for judicial review.* Except for firms disqualified from the program in accordance with §278.6(e)(8) of this chapter, a firm aggrieved by the determination of the designated reviewer may obtain judicial review of the determination by filing a complaint against the United States in the U.S. district court for the district in which the owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. The complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer in accordance with §279.5(e); otherwise the determination shall be final.

(b) *Summons and complaint.* Service of the summons and complaint in any

**Food and Nutrition Service, USDA**          Pt. 281

such action shall be made in accordance with the rules of civil procedure for the U.S. district courts. The copy of the summons and complaint required by the rules to be served on the agency whose order is being attacked shall be sent by registered or certified mail to the person in charge of the applicable regional office of FNS.

(c) *Trial de novo.* The suit in the U.S. district court or in the State court, as the case may be, shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action. If the court determines that the administrative action is invalid, it shall enter a judgment or order which it determines is in accordance with the law and the evidence.

(d) *Stay of action.* During the pendency of any judicial review, or any appeal therefrom, the administrative action under review shall remain in force unless the firm makes a timely application to the court and after hearing thereon, the court stays the administrative action after a showing that irreparable injury will occur absent a stay and that the firm is likely to prevail on the merits of the case. However, permanent disqualification actions taken in accordance with §278.6(e)(1) of this chapter shall not be subject to such a stay of administrative action. If the disqualification action is reversed through administrative or judicial review, the Secretary shall not be liable for the value of any sales lost during the disqualification period.

[Amdt. 136, 43 FR 43279, Sept. 22, 1978, as amended by Amdt. 274, 51 FR 18752, May 21, 1986; Amdt. 356, 59 FR 29714, June 9, 1994; 64 FR 23174, Apr. 30, 1999. Redesignated and amended at 68 FR 41053, July 10, 2003]

§ 279.8 Implementation of amendments relating to administrative and judicial review.

(a) *Amendment No. 257.* The program change to §279.3(a)(4) shall be effective September 14, 1984.

(b) *Amendment No. 274.* The program change of Amendment No. 274 at §279.10(d) is effective retroactively to December 23, 1985.

(c) *Amendment No. 334.* The program changes made to part 279 by this amendment are effective February 1, 1992.

[Amdt. 257, 49 FR 32539, Aug. 15, 1984; Amdt. 262, 49 FR 50598, Dec. 31, 1984, as amended by Amdt. 274, 51 FR 18752, May 21, 1986; Amdt. 334, 57 FR 3913, Feb. 3, 1992. Redesignated at 68 FR 41053, July 10, 2003]

## PART 280—EMERGENCY FOOD ASSISTANCE FOR VICTIMS OF DISASTERS

AUTHORITY: 7 U.S.C. 2011-2036.

SOURCE: Amdt. 192, 46 FR 8922, Jan. 27, 1981, as amended at 56 FR 63617, Dec. 4, 1991.

EDITORIAL NOTE: OMB control numbers relating to this part 280 are contained in §271.8.

§ 280.1 Interim disaster procedures.

The Secretary shall, after consultation with the official empowered to exercise the authority provided for by section 302(a) of the Disaster Relief Act of 1974, establish temporary emergency standards of eligibility for the duration of the emergency for households who are victims of a disaster which disrupts commercial channels of food distribution, if such households are in need of temporary food assistance and if commercial channels of food distribution have again become available to meet the temporary food needs of such households. Such standards as are prescribed for individual emergencies may be promulgated without regard to section 4(c) of this Act or the procedures set forth in section 553 of Title 5 of the United States Code. In addition to establishing temporary emergency standards of eligibility, the Secretary shall provide for emergency allotments to eligible households to replace food destroyed in a disaster. Such emergency allotments would be equal to the value of the food actually lost in such disaster but not greater than the applicable maximum monthly allotment for the household size.

## PART 281—ADMINISTRATION OF THE FOOD STAMP PROGRAM ON INDIAN RESERVATIONS

Sec.
281.1 General purpose and scope.
281.2 Administration.
281.3 Determination of failure.